## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT FRANKFORT

| | | |
|---|---|---|
| DLUBAK GLASS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:08-cv-00074-DCR** |
| | ) | |
| V. | ) | |
| | ) | *Electronically Filed* |
| WAGNER TRUCKING, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT REPORT REGARDING PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order of February 19, 2009, the undersigned parties jointly submit the following report outlining a proposed discovery plan, and state as follows:

1. **Conference**: On March 20, 2009, the parties, through counsel, conducted their Rule 26(f) meeting by telephone.

2. **Initial Disclosures**: With regard to the disclosures required under Rule 26(a)(1), parties agreed that their initial disclosures would be exchanged on or before the date of filing of this Joint Report.

3. **Nature of the Case and Settlement Possibilities**: This matter involves claims of fraud, negligent misrepresentation, breach of contract, unjust enrichment, breach of duty of good faith and fair dealing, and civil conspiracy. Though the parties are open to the possibility of settlement, discussions to date have been preliminary in nature because Defendants feel that any settlement arrangement will necessarily be impacted by the Court's Judgment entered against defaulting Defendant, Wagner Trucking, Inc. ("Wagner"). As a result, many of the deadlines proposed herein occur after the date of entry of the Court's Judgment against Wagner.

4. **Discovery Plan**: Presently, the parties anticipate that discovery will be required regarding all issues raised in Plaintiff's Complaint and Defendants' Answers. The parties submit the following discovery plan:

(a) Counsel for the parties reasonably believe that discovery in this matter, including expert witness discovery, can be completed within six months after the date of entry of the Judgment against Wagner.

(b) A maximum number of thirty (30) interrogatories shall be served by each party to any other party.

(c) Counsel for the parties reasonably believe that expert disclosures required by Rule 26(a)(2) can be made sixty (60) days prior to the deadline for completion of discovery.

(d) Supplementation shall be made as required by Rule 26(e).

5.  **Other Items**:

(a) Counsel for the parties reasonably believe that an additional ninety (90) days from the date of entry of the Court's Judgment against Wagner will be necessary for the joinder of other parties and amendment of pleadings.

(b) Counsel for the parties reasonably believe that sixty (60) days following the submission of all expert reports should be allowed for the filing of potentially dispositive motions.

(c) Counsel for the parties reasonably believe that the case can be assigned for trial sixty (60) days after the deadline for completing discovery. The parties have not provided dates that are mutually convenient with counsel to assign the case for trial and a final pretrial conference herein because they do not know when the Judgment against Wagner will be entered. However, the parties can certainly supplement this report and provide that information to the Court once the aforementioned Judgment is entered.

(d) It is anticipated by counsel for the parties that the probable length of trial in this matter will be three (3) days and that there will be issues to submit to a jury.

(e) The parties recommend that witness and exhibit lists be due thirty (30) days before trial, and that a pretrial conference be held at least fifteen (15) days before trial.

(f) The parties recommend that motions in limine be due at least fifteen (15) days before trial and that they be filed far enough in advance of the date of the pretrial conference so that the Court can hear argument on the motions at the pretrial conference if it wishes to do so.

(g) The parties do not wish to have a scheduling conference before entry of a scheduling order.

(h) Though the parties do not consent to the referral of this matter to a United States Magistrate Judge, they do believe that this matter would be suitable for a settlement

2

conference with a United States Magistrate Judge once the Judgment against Wagner is entered.

(i) Beemer has no parent corporation, subsidiaries, affiliates, members or partners. Klobe has no parent corporation, subsidiaries, affiliates, members or partners. While Dlubak has no parent corporation, subsidiaries, affiliates, members or partners, it does have the following six locations (with a seventh to come on-line soon in Gibsonburg, Ohio):

Dlubak Glass Ohio
11567 County Highway 110
Upper Sandusky, OH 43351

Dlubak Glass Oklahoma
P.O. Box 459
Okmulgee, OK 74447

Dlubak Glass Kentucky
1052 Industry Drive
Lawrenceburg, KY 40432

Dlubak Glass Arizona
19538 S. Ave 1 East
Yuma, AZ 85365

Dlubak Glass Pennsylvania
1600 Saxonburg Roads
Natrona Heights, PA 15065

Dlubak Glass Texas
400 Mushroom Road
Waxahachie, TX 75165

Respectfully submitted,

/s/ Gwen R. Pinson
Barbara B. Edelman
Gwen R. Pinson
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
Edelman@dinslaw.com
Gwen.Pinson@dinslaw.com
**Counsel for Plaintiff**

Dwight Preston
LEWIS & PRESTON ATTORNEYS AT LAW
102 W Dixie Avenue
Elizabethtown, Kentucky 42701
Phone: (270) 765-4106
**Counsel for Beemer Trucking, Inc.**

G. William Bailey, Jr.
Bailey Law Office
24 Public Square
P.O. Box 278
Elizabethtown, Kentucky 42702-0278
**Counsel for Stephen Klobe**

## CERTIFICATE OF SERVICE

On March 31, 2009, I electronically filed the foregoing through the ECF system, which sent e-mail notification of that filing to the following:

G. William Bailey, Jr.
Bailey Law Office
24 Public Square
P.O. Box 278
Elizabethtown, Kentucky 42702-0278
**Attorney for Stephen Klobe**

Dwight Preston
LEWIS & PRESTON ATTORNEYS AT LAW
102 W Dixie Avenue
Elizabethtown, Kentucky 42701
Phone: (270) 765-4106
**Attorney for Beemer Trucking, Inc.**

/s/ Gwen R. Pinson
Counsel for Plaintiff

99045_1